NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALFREDA JONES-SINGLETON,<br><br>        Plaintiff,<br><br>    v.<br><br>STATE OF NEW JERSEY DEP'T OF HEALTH and STATE OF NEW JERSEY DEP'T OF HUMAN SERVICES,<br><br>        Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 1:18-08799-KMW-SAK<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**Andre A. Norwood, Jr., Esquire**[*]
339 N. Front Street, Suite A
Camden, NJ 08102

*Counsel for Plaintiff Alfreda Jones-Singleton*

**Erica Rittenhouse Heyer, Esquire**
**Leo R. Boerstoel, Esquire**
**Tammy Maxey, Esquire**
New Jersey Office of the Attorney General
25 Market Street
Trenton, NJ 08625

**Jordynn Jackson, Esquire**
Walsh Pizzi O'Reilly Falanga LLP
100 Mulberry Street, 15th Floor
Newark, NJ 07102

**Rachel Simone Frey**
Littler Mendelson, P.C.
1085 Raymond Blvd., 8th Floor
Newark, NJ 08625

*Counsel for Defendants State of New Jersey Dep't of Health and State of New Jersey Dep't of Human Services*

---

[*] On January 31, 2023, the Court granted Mr. Norwood leave to withdraw from his representation of Plaintiff in this case.

Plaintiff Alfreda Jones-Singleton ("Plaintiff") brings this employment action against Defendants State of New Jersey Department of Health ("DOH") and State of New Jersey Department of Human Services ("DHS") (together, "Defendants"), alleging that they unlawfully interfered with her rights under the Family and Medical Leave Act (the "FMLA"), 29 U.S.C. §§ 2601 *et seq.* Beyond this single federal law claim, Plaintiff also asserts various state law claims under the New Jersey Law Against Discrimination (the "NJLAD"), N.J. STAT. ANN. §§ 10:5-1 *et seq.*, and the New Jersey Family Leave Act (the "NJFLA"), N.J. STAT. ANN. §§ 34:11B-1 *et seq.*

Presently before the Court is Defendants' Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56, which Plaintiff opposes. For the reasons that follow, Defendants' Motion is **GRANTED, IN PART,** and **DENIED, IN PART**.

1)    Plaintiff is a former employee of the State of New Jersey. Initially, Plaintiff worked in DHS's Office of Program Integrity and Accountability. *See* Defs.' SMF ¶¶ 2–3; *see also* Pl.'s RSMF ¶¶ 2–3.[1] However, following a government reorganization plan implemented by then Governor Chris Christie, Plaintiff was transferred on June 29, 2017, from DHS to DOH. *See id.* Although Plaintiff eventually retired on February 1, 2019, she maintains that, throughout the course of her nearly eighteen years of employment with both DHS and DOH, she was repeatedly discriminated against on the basis of her race. *See* Defs.' SMF ¶ 88; Pl.'s RSMF ¶ 88. Specifically, Plaintiff alleges that she was denied fair wages and promotion opportunities; subjected to a hostile work environment; and retaliated against for objecting to such treatment. *See* Defs.' SMF ¶ 1; Pl.'s RSMF ¶ 1.

---

[1] For purposes of this Memorandum Opinion and Order, the Court refers to Defendants' "Statement of Uncontested Material Facts" (ECF No. 77-2) as "Defs.' SMF," and Plaintiff's responses thereto (ECF No. 82-22) as "Pl.'s RSMF."

2) On March 29, 2018, Plaintiff filed a Complaint in the Superior Court of New Jersey (Law Division, Burlington County), in which she asserted claims for discrimination and retaliation under the NJLAD. (ECF No. 1-3). Thereafter, on April 4, 2018, Plaintiff filed an Amended Complaint which, apart from bolstering her NJLAD claims, also added claims for interference under both the FMLA and the NJFMLA. (ECF No. 1-2). Based on this single federal claim, Defendants removed Plaintiff's Amended Complaint to this Court on May 4, 2018. (ECF No. 1).[2] The Court thus exercises federal question jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims under 28 U.S.C. § 1367.[3] Following the close of discovery, Defendants filed the instant Motion for Summary Judgment (ECF No. 77), which Plaintiff has opposed (ECF No. 82). Defendants' Motion is thus ripe for disposition.[4]

3) A court may grant summary judgment when the materials of record "show[ ] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Lang v. New York Life Ins. Co.*, 721 F.2d 118, 119 (3d Cir. 1983). "A fact is 'material' under Rule 56 if its existence or nonexistence might impact the outcome of the suit under the applicable substantive law." *Santini v. Fuentes*, 795 F.3d 410,

---

[2] Although Plaintiff initially proceeded *pro se* in state court, she subsequently retained legal counsel following removal. (ECF No. 16).

[3] To be clear, the Amended Complaint is the operative pleading on which this case has proceeded. Following Defendants' removal of this action, Plaintiff attempted to amend her pleading four separate times. Each time, Plaintiff was denied leave to amend due to, among other deficiencies, her counsel's failure to comply with the Federal Rules of Civil Procedure and the Local Civil Rules of this Court governing motion practice and the amendment of pleadings. A more detailed history of these procedural missteps is contained in this Courts Order issued on September 6, 2019. (ECF No. 30).

[4] In her Opposition to Defendants' Motion, Plaintiff initially offered a twenty-three-page "Supplemental Statement of Disputed Material Facts" ("Pl.'s SSMF") (ECF No. 82-21). However, Plaintiff's SSMF was replete with paragraphs that did not cite to any record evidence. The Court noted these deficiencies in its December 28, 2022 Text Order, and directed Plaintiff to resubmit an SSMF that properly substantiates the factual bases of her Opposition. Plaintiff submitted a revised SSMF on January 11, 2023. (ECF No. 92).

416 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also M.S. by & through Hall v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 125 (3d Cir. 2020) ("A fact is material if—taken as true—it would affect the outcome of the case under governing law."). Moreover, "[a] dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the nonmoving party.'" *Santini*, 795 F.3d at 416 (quoting *Anderson*, 477 U.S. at 248). "The moving party bears the burden of identifying portions of the record that establish the absence of a genuine issue of material fact." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then "shifts to the nonmoving party to go beyond the pleadings and 'come forward with 'specific facts showing that there is a *genuine issue for trial*.''" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). To survive a motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. *See Anderson*, 477 U.S. at 256–57. "A non-moving party may not 'rest upon mere allegations, general denials or . . . vague statements . . . .'" *Trap Rock Indus., Inc. v. local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890 (3d Cir. 1992) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991)). When considering a motion for summary judgment, the court views the facts and all reasonable inferences drawn from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

  4)  The Court first addresses Defendants' Motion with respect to Plaintiff's interference claim under the FMLA. The FMLA was enacted to provide up to twelve weeks of leave for workers whose personal or medical circumstances necessitate that they take time off from work in excess of what their employers are willing to provide. *See Victorelli v. Shadyside Hops.*, 128 F.3d 184, 186 (3d Cir. 1997). The FMLA also allows for "intermittent leave" to be taken in

separate blocks of time, ranging from an hour or more to several weeks, due to a single qualifying reason (*e.g.*, medical treatments). *See* 29 C.F.R. § 825.202. To protect an employee's medical leave rights, the FMLA makes it unlawful for "any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" under the statute (a so-called "interference claim"). 29 U.S.C. § 2615(a)(1). To prevail on an FMLA interference claim, an employee "only needs to show she was entitled to benefits under the FMLA and that she was denied them." *Parker v. Hanhemann Univ. Hosp.*, 234 F. Supp. 2d 478, 485 (D.N.J. 2002).

5) In this case, the Parties appear to agree that Plaintiff qualified and was approved for FMLA leave on an intermittent basis from July 6, 2017, through September 7, 2017. (ECF No. 77-6 at 24).[5] It is likewise undisputed that Plaintiff successfully utilized her intermittent leave. *See* Defs.' SMF ¶ 8; Pl.'s RSMF ¶ 8. However, Defendants submit that they are entitled to summary judgment because there is no record evidence demonstrating that they had ever interfered with Plaintiff's intermittent leave; the Court agrees.

6) As an initial matter, it would appear that Plaintiff has abandoned her FMLA claim altogether, considering her Opposition makes no mention of it at all, much less addresses Defendants' substantive arguments with respect to the same. *See Samoles v. Lacey Twp.*, No. 12-3066, 2014 WL 2602251, at *4 n.8 (D.N.J. June 11, 2014) ("District courts in and out of this Circuit routinely deem abandoned a party's claim when that party fails to present any opposition to a motion for summary judgment."). Regardless, Plaintiff's FMLA claim must fail because she has not come forward with "specific facts and affirmative evidence" demonstrating that she was denied any benefit afforded to her under the FMLA. *Anderson*, 477 U.S. at 256–57. As far as the

---

[5] Plaintiff also claims that she was "placed on a forced medical leave" on September 28, 2018. *See* Pl.'s SSMF ¶ 5. As to how this assertion supports her FMLA interference claim, Plaintiff does not say. Regardless, the evidence Plaintiff cites to in support of this statement does not concern a medical leave of absence at all, much less one protected by the FMLA.

Court can discern, Plaintiff received the intermittent leave she requested and utilized it without issue. *See Ross v. Gilhuly*, 755 F.3d 185, 192 (3d Cir. 2014) ("[F]or an interference claim to be viable, the plaintiff must show that FMLA benefits were actually withheld.").[6]

For the foregoing reasons,

**IT IS** this **27th** day of **July 2023** hereby

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 77) is **GRANTED**, **IN PART**, and **DENIED**, **IN PART**; and it is further

**ORDERED** as follows:

A. Defendants' Motion is **GRANTED** with respect to Plaintiff's FMLA claim;

B. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims,[7] and Defendants' Motion with respect to the same is accordingly **DENIED**;

C. This matter is **REMANDED** to the Superior Court of New Jersey (Law Division, Burlington County).

*/s/ Karen M. Williams*
KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[6] Though not entirely clear from Plaintiff's submissions, it appears that she takes issue with the amount of time it took Defendants to approve a claim she submitted for benefits under the New Jersey Family Leave Insurance Program. *See, e.g.*, Pl.'s SSMF ¶¶ 5–10. The right to those benefits, however, is a matter of state law and is governed by the NJFLA—not the FMLA. *See* N.J. ADMIN. CODE § 12:15-1.1A (defining "family leave insurance benefits" as "benefits payable to a covered individual . . . in order to compensate for wage loss suffered because of the need of the covered individual to participate in providing care for a family member or to bond with a newborn or newly adopted child.").

[7] District courts may decline to exercise supplemental jurisdiction over any claim when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *see also D & D Assocs., Inc. v. Bd. of Educ. of N. Plainfield*, 552 F. App'x 110, 117 (3d Cir. 2014) (affirming district court order that declined to exercise supplemental jurisdiction over plaintiff's remaining state law claims following entry of summary judgment as to federal law claims).